UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENEDICT GENCO,

                              Plaintiff,

        v.                                                  **DECISION AND ORDER**
                                                                 13-CV-301S

STARPOINT CENTRAL SCHOOL DISTRICT,

                              Defendant.

## I.  INTRODUCTION

Plaintiff Benedict Genco commenced this action in March 2013 alleging that his employer, Defendant Starpoint Central School District, discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*. and the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 *et seq*.   Presently before the Court is Defendant's Motion for Summary Judgment dismissing the Complaint. For the reasons discussed below, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Defendant's motion should be granted.

## II.  BACKGROUND

Although the initial date Plaintiff began his employment with Defendant is disputed, the parties agree that Plaintiff was granted a probationary appointment as a custodian on in August 2003 which was made permanent in October 2003.  (Def's Stmt ¶ 36; Pl's Stmt ¶ 36.)  At that time, Plaintiff, who had been diagnosed as having a form of cerebral palsy at age five, did not request any type of work accommodation. (Def's Stmt ¶¶ 42, 132; Pl's

1

Stmt ¶ 132; Compl ¶ 11.)  He alleges that, as a result of his condition, he has "an obvious disability which causes him to walk with a noticeable limp. (Pl's Stmt ¶ 42 (citing Compl ¶¶ 11-17).)  As a result, a coworker named Donna Kolek made approximately six harassing comments starting in 2009 or 2010 about the way he walked. (Pl's Dep at 17-22, 27-28, Docket No. 27-2 at 14-19, 24-25.)

In August 2011, Plaintiff became aware that his custodial duties were going to change and he would be required to work not just in one building, as he had done previously, but in four different buildings. (Compl ¶¶ 33-37.)  Plaintiff alleges that, prior to the change, he informed his union president that he had a disability and could not perform this heavier workload, and also complained about the resulting pain to his supervisor after performing the new duties. (Compl ¶¶ 33, 38, 42.)   Plaintiff claims he was injured in September 2011 because of the increased workload and need to walk long distances, for which he received workers compensation benefits. (Def's Stmt ¶ 44; Pl's Stmt ¶ 44.)

Although Plaintiff returned to work on October 3, 2011, he was placed on administrative leave from October 6, 2011 to November 29, 2011, following a dispute with Kolek.  (Def's Stmt ¶ 47; Pl's Stmt ¶ 47.)   When he again returned to work, his workload was reduced, (Compl ¶¶ 63, 67; Defs Stmt ¶¶ 152-53; Pls Stmt 152-53), and he made no further complaints or inquiries to Defendant prior to March 26, 2012, when he took sick leave. (Def's Stmt ¶¶ 163-165; Pl's Stmt ¶ 163-165; Andrews Decl ¶ 20, Docket No. 27-9.) Plaintiff utilized a combination of sick leave, vacation time, and an unpaid leave of absence before returning to work in November 2012.  (Andrews Decl ¶¶ 20-24.)

Plaintiff filed a written request for an accommodation with Defendant on or about June 13, 2012, again requesting a modification of his duties to reduce the amount of

2

walking required of him.  (Def's Stmt ¶ 171, 173; Pl's Stmt ¶ 173; Compl ¶ 88.) Following

an examination of Plaintiff by a physician chosen by Defendant, the accommodation was

granted and in place by the time Plaintiff returned to work in November. (Defs Stmt ¶¶ 175-

186; Pls Stmt 175-186.)

Plaintiff also filed a complaint with the Equal Employment Commission ("EEOC")

asserting that Defendant discriminated against him on the basis of disability.  (See Def's

Stmt Ex E, Docket No. 27-3 at 86 (notice of charge dated August 7, 2012).) Specifically,

Plaintiff alleged that he was subjected to a hostile work environment and was improperly

denied an accommodation with respect to his "job duties which became effective on

September 5, 2011." (Id.) The EEOC was unable to conclude that Defendant had violated

federal law, and issued Plaintiff a right to sue letter on January 3, 2013. (Def's Stmt Ex U,

Docket No. 27-4 at 76-79.)  Plaintiff commenced the instant action on March 22, 2013,

seeking compensatory and punitive damages for Defendant's alleged: (1) discrimination

based on disability in violation of the ADA, Section 504 of the Rehabilitation Act of 1973,

and NYSHRL; (2) retaliation in violation of these same statutes; (3) discrimination by way

of a hostile work environment in violation of these statutes; and (4) deprivation of Plaintiff's

due process rights under the state and federal constitutions.


## III. DISCUSSION

Summary judgment is appropriate, even in a discrimination case, where there is no

genuine issue of material fact to be tried, and the facts as to which there is no such issue

warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat

Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), *cert denied* 540 U.S. 811 (2003). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock, 224 F.3d at 41 (quoting Anderson, 477 U.S. at 248).  Further, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

Plaintiff concedes at the outset that punitive damages are not available against the Defendant school district, (Pl's Mem in Opp'n at 10; Def's Mem of Law at 4), and does not object to the dismissal of his due process claim. (Pl's Mem in Opp'n at 26.)  Defendant argues that it is entitled to summary judgment on the remainder of Plaintiff's claims as well, and this Court agrees.


**A.     Plaintiff's NYSHRL Claims**

Defendant argues that Plaintiff's discrimination, retaliation, and hostile work environment claims under the New York State Human Rights Law ("NYSHRL") must be dismissed because: (1) the Defendant school district is not an "education corporation" within the meaning of New York Executive Law § 296(4); and (2) Plaintiff failed to file a notice of claim as required by New York Education Law § 3813. (Def's Mem of Law at 4-5.)

Initially, the parties' discussion of whether Defendant is or is not an education

4

corporation within the meaning of § 296(4) is irrelevant to the present action.   That subsection applies to actions by or on behalf of *students* against "an education corporation or association which holds itself out to the public to be non-sectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law."   N.Y. Executive Law § 296(4); see North Syracuse Cent. School Dist. v. New York State Div. of Human Rights, 19 N.Y.3d 481, 495, 973 N.E.2d 162, 168-169 (2012) (state division of human rights lacked jurisdiction to investigation complaints *filed by students* because public school district was not an education corporation under subsection four); Preston v. Hilton Cent. School Dist., 876 F. Supp. 2d 235, 245 (W.D.N.Y. 2012) (dismissing discrimination claim made on behalf of a *student* under § 296(4) because school district was not an education corporation).   In contrast, here Plaintiff is asserting an employment discrimination claim under § 296(1), which prohibits an employer from discriminating against an employee in the terms and conditions of employment, or to retaliate against an employee for opposing any such discrimination. See generally Tidball v. Schenectady City School Dist., 122 A.D.3d 1131, 1132, 997 N.Y.S.2d 763 (N.Y.A.D. 3d Dep't 2014) (discussing employment discrimination claim against school district under § 296(1)(a)).

The notice of claim requirement found in New York Education Law § 3813(1), however, is applicable in this case. "A claimant seeking to commence an action against a school district for violations of the Human Rights Law must serve a notice of claim on the district within three months after accrual of the claim."   Munro v. Ossining Union Free School Dist., 55 A.D.3d 697, 698, 866 N.Y.S.2d 687 (N.Y.A.D. 2d Dep't 2008) (citing

Education Law § 3813(1)[1]); see Cavanaugh v. Bd. of Educ. of Huntington Union Free Sch. Dist., 296 A.D.2d 369, 745 N.Y.S.2d 433 (N.Y.A.D. 2d Dep't 2002) (timely notice of claim is a condition precedent to suit).  "[T]he purpose of section 3813 of the Education Law is to give a school district prompt notice of claims so that investigation may be made before it is too late for investigation to be efficient." Parochial Bus Systems, Inc. v. Bd. of Educ. of City of N.Y., 60 N.Y.2d 539, 547, 458 N.E.2d 1241 (1983). "The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose." Id.  Accordingly, the failure to present a claim within the statutory time limitation is a fatal defect. Id.

Plaintiff concedes that "he did not submit a notice of claim to the Board of Education as required." (Pl's Mem in Opp'n at 12.)  He nonetheless argues that his EEOC complaint constituted sufficient notice for the purpose of § 3813.  "A paper which is not denominated a notice of claim may satisfy that requirement if it provides the necessary information as to the nature of the claim, the time when, the place where, and the manner in which the claim arose." Mennella v. Uniondale Union Free School Dist., 287 A.D.2d 636, 636, 732 N.Y.S.2d 40 (N.Y.A.D. 2d Dep't 2001), lv denied, 98 N.Y.2d (2002) (petition to Commissioner of Education can constitute functional equivalent of statutorily required notice) (citing Parochial Bus Sys., 60 N.Y.2d at 547); see Kushner v. Valenti, 285 F. Supp. 2d 314, 316 (E.D.N.Y. 2003) (finding that the EEOC notice presented to the District

---

[1]This subsection provides: "No action or special proceeding, for any cause whatever, . . . or claim against the district . . . shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

complied with statutory requirement with respect to claims referenced therein). This paper must be served on the "governing board" of the school district, N.Y. Education Law § 3813(1), and must also describe the essential facts underlying the claim or claims. Mennella, 287 A.D.2d at 636-37.

Here, however, Plaintiff's EEOC charge cannot be construed as the functional equivalent of the notice required by § 3813(1).  Initially, this subsection requires that compliance be pled "as an allegation in the complaint," and Plaintiff alleges only that he timely filed charges with the EEOC and the NYSDHR on or about June 28, 2012, without reference to service upon Defendant or its school board. (Compl ¶¶ 9-10, 112); see Field v. Tonawanda City School Dist., 604 F. Supp. 2d 544, 573 (W.D.N.Y. 2009) (statutory prerequisite not met where plaintiff failed to allege compliance with service requirement). The EEOC Notice of Charge addressed to Defendant's Superintendent, however, is dated August 7, 2012, not June 28th, a distinction particularly significant in light of the short three-month period for filing a notice in compliance with § 3813(1).  In fact, the June 28th date does not appear anywhere on the claim, which is signed by Plaintiff but not dated. (Def's Stmt Ex E, Docket No. 27-3 at 86.)  Further, because there is no evidence that the EEOC charge "was served on the 'governing body of [the] district,' which is the Board of Education," Plaintiff's NYSHRL claims must be dismissed even without considering the sufficiency of the generalized allegations in that charge.  Avgerinos v. Palmyra-Macedon Central School Dist., 690 F. Supp. 2d 115, 127-28 (W.D.N.Y. 2010)(quoting N.Y. Education Law § 3813(1)); see also Carlson v. Geneva City School Dist., 679 F. Supp. 2d 355, 367-68 (W.D.N.Y. 2010) (service upon the superintendent does not equate with service upon the board); Parochial Bus Sys., 60 N.Y.2d at 548 (statutory requirement is not satisfied by

7

presentment to any other individual or body); see generally Saranac Lake Cent. School

Dist. v. N.Y.S. Div. of Human Rights, 226 A.D.2d 794, 795-96, 640 N.Y.S.2d 303 (N.Y.A.D.

3d Dep't 1996) (no action may be maintained against a school district absent evidence

establishing substantial compliance with the notice of claim requirement), *lv denied*, 88

N.Y.2d 816 (1996).


**B.    Time-Barred Claims**

Defendant contends that the remaining federal employment discrimination claims

that are based upon alleged improper conduct prior to October 12, 2011 must be

dismissed as time-barred.  To state a viable disability discrimination claim, a plaintiff must

have filed a charge of discrimination with the EEOC within 300 days of the last allegedly

unlawful employment practice. Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d

Cir. 1999); Harris v. City of N.Y., 186 F.3d 243, 248 n. 2 (2d Cir. 1999); see generally

McPherson v. N.Y. City Dep't of Ed., 457 F.3d 211, 214 (2d Cir. 2006) (a right-to-sue letter

enables a private suit only where the administrative charge was timely filed).  Plaintiff

argues that the 300 days should be calculated from the EEOC "Intake Questionnaire and

seven page letter filed on June 28, 2012." (Pl's Mem in Opp'n at 15-16.)  As Defendant

notes, however, these documents do not appear in the record, and Plaintiff points to no

evidence tending to support their existence.  Accordingly, the 300-day time period will be

calculated from the August 7, 2012 EEOC Charge (Def's Stmt Ex E) and all claims based

on conduct prior to October 12, 2011 are time barred.

**C.      Plaintiff's Retaliation Claim**

Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to his claim of retaliation in violation of the ADA,[2] and therefore this claim must be dismissed. (Def's Mem of Law at 6-7.)   A plaintiff bringing claims under the ADA must exhaust certain administrative remedies before initiating suit in the district court. See Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004), *cert denied* 545 U.S. 1133 (2005). "[A] plaintiff typically may raise in a district court complaint only those claims that either were included in or are 'reasonably related to' the allegations contained in [his] EEOC charge." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir.2001) (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir.1993), *superseded by statute on other grounds as stated in*, Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir.1998)); see generally Francis v. City of New York, 235 F.3d 763, 767-68 (2d Cir. 2000) (exhaustion requirement is not jurisdictional, but subject to waiver, estoppel and equitable tolling)).

Plaintiff does not dispute that there is no reference to retaliation in his EEOC charge, but argues that such a claim is reasonably related to the conduct complained of in the charge. (Pl's Mem in Opp'n at 13-14.)   "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation marks omitted), *cert*

---

[2]Although Plaintiff refers to both the ADA and section 504 of the Rehabilitation Act in his Complaint, the "standards used to determine whether section 504 of the Rehabilitation Act has been violated in a complaint alleging employment discrimination ... shall be the standards applied under title I of the ADA." Castellano v. City of N.Y., 142 F.3d 58, 70 (2d Cir. 1998) (internal brackets omitted) (citing 29 U.S.C. § 794(d)).

*denied*, 536 U.S. 922 (2002).

In order to determine whether Plaintiff's retaliation claim would fall within the scope of the EEOC investigation, it must first be determined what specific acts of retaliation Plaintiff is alleging. A claim of retaliation under the ADA requires a showing that: "(1) [the plaintiff] engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

Protected activity under these acts includes both actions taken to protest or oppose statutorily prohibited discrimination as well as the assertion of statutory rights, such as requests for reasonable accommodations.  See Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 149 (2d Cir. 2002); Goonan v. Fed. Reserve Bank of N.Y., 916 F. Supp. 2d 470, 484-85 (S.D.N.Y. 2013); see also 42 U.S.C. § 12203(a).   Here, when asked by way of interrogatory to identify the protected activity in which he engaged, Plaintiff stated that on "December 30, 2011 [plaintiff's supervisors] gave [him] an unfavorable performance review they were advised about it in my [EEOC] complaint of July 28, 2012;" Defendant "ignored [his] request for a reasonable . . . accommodation as an act of retaliation and continually assigned more square footage" to cover in the performance of his duties; and "[j]ob assignments were made as a retaliatory action by defendant." (Pl's Interrogatory Responses, Docket Nos. 27-4 at 25; 35-1 at 12.) As Defendant argues, the unfavorable review, the ignoring of an accommodation request (as opposed to the making of one), and the assignment of more strenuous work are allegations of retaliatory acts, not instances of Plaintiff's participation in statutorily protected activities.

10

More importantly, these alleged acts of retaliation all occurred prior to Plaintiff's EEOC charge dated August 7, 2012. (See Pl's Interrogatory Responses, Docket Nos. 27-4 at 18, 25; 35-1 at 5, 12 (latest alleged retaliatory assignment or adverse employment action is dated July 19, 2012).) The exception to the exhaustion requirement applies only to reasonably related misconduct occurring *after* such a charge is filed. See Townsend v. Exhange Ins. Co., 196 F. Supp. 2d 300, 313 (W.D.N.Y. 2002); see Butts, 990 F.2d at 1401. "It was [Plaintiff's] duty to include all relevant alleged discriminatory conduct when he filed the EEOC charge." Townsend, 196 F. Supp. 2d at 313.  Because Plaintiff failed to do so, Defendant is entitled to summary judgment on any retaliation claim.

**D.     Disability Discrimination**

 "The ADA prohibits discrimination against a 'qualified individual with a disability because of the disability' in the 'terms, conditions, and privileges of employment.' " Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005) (quoting 42 U.S.C. § 12112 (a)). "Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 96 (2d Cir. 2009).  Under this analysis, the plaintiff bears the initial burden of establishing a prima facie claim of discrimination before the burden shifts to the employer to offer evidence of a non-discriminatory reason for any adverse employment action. McBride, 583 F.3d at 96.  Where a defendant produces such evidence, the plaintiff then carries the burden of persuasion that the proffered non-discriminatory reason was pretextual.  Id.

Here, based on Plaintiff's EEOC charge and the Complaint, Plaintiff asserts discrimination claims under two theories: failure to accommodate requested reasonable accommodations and hostile work environment.  Defendant is correct that Plaintiff has failed to make the requisite prima facie showing under either theory.

1.   Failure to Accommodate

In order to establish a prima facie failure to accommodate claim, Plaintiff must show: (1) that he is a person with a disability under the meaning of the ADA; (2) Defendant is covered by the statute and had notice of his disability; (3) with a reasonable accommodation, Plaintiff could perform the essential functions of the job at issue; and (4) Defendant refused to make such an accommodation.  McBride, 583 F.3d at 97.

Plaintiff alleges that in September 2011, his custodial duties were increased and he was required to work in four buildings instead of one. (Compl ¶¶ 34, 39-51; Def's Stmt Ex E, Docket No. 27-3 at 90 (EEOC Charge).)  He asserts he was injured in September 2011 as a result of Defendant's failure to accommodate his request to decrease the area he was required to cover due to his cerebral palsy.  (Compl ¶¶ 34, 47-49.)  Defendant correctly argues that this claim occurred before October 12, 2011, and therefore is time barred, as discussed above. (Def's Mem of Law at 18.)  Further, Plaintiff does not dispute that he was on administrative leave from October 7, 2011 to November 29, 2011, and his workload was in fact reduced upon his return. (Compl ¶¶ 63, 67; Defs Stmt ¶¶ 152-53; Pls Stmt 152-53.) Defendant further argues that Plaintiff did not make another request for an accommodation until June 13, 2012, at which time Plaintiff was on medical leave, and that request was subsequently granted. (Def's Mem of Law at 18; Andrews Decl ¶¶ 20-21, 34-36, 40-47; Def's Stmt ¶¶ 183-84, Pl's Stmt ¶¶ 183-84.)

12

In his opposition to Defendant's summary judgment motion, Plaintiff repeatedly relies on the standard applicable on a motion to dismiss a complaint[3] (see Pl's Mem in Opp'n at 8, 17, 21) and appears to base his arguments on the assumption that this Court will assume the truth of Plaintiff's factual allegations without evidentiary support. (Pl's Mem in Opp'n at 24 (arguing that he "has alleged sufficient facts to state a claim of employment discrimination"); Pl's Stmt ¶¶ 45, 171; see also Pl's Mem in Opp'n at 21 (citing allegations in his Complaint as prima facie evidence of retaliation)); Pl's Stmt ¶¶ 42, 83, 99, 102; see generally ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (stating standard for dismissal on a Rule 12(b)(6) motion).  Such is not the case, and Plaintiff cannot raise a triable issue of fact in opposition to Defendant's summary judgment motion by relying on the allegations in his Complaint. See Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996).

2.      Hostile Work Environment

Initially, whether a hostile work environment claim is actionable under the ADA is an issue on which the Second Circuit has not yet ruled.  Adams v. Festival Fun Parks, 560 F. App'x 47, 51 n. 4 (2d Cir. 2014) (acknowledging that at least two circuits have recognized such a claim); Farina v. Branford Bd. of Educ., 458 F. App'x 13, 17 (2d Cir. 2011). Nonetheless, district courts in this Circuit have considered such claims under the standard applicable in Title VII employment discrimination actions.  Marini v. Costco Wholesale Corp., – F. Supp. 3d –, 2014 WL 6772287, *5 (D. Conn. 2014); Hernandez v. City of N.Y.,

---

[3]It must be noted that Plaintiff has been represented by counsel at every step of this litigation. Therefore there is no reason to construe Plaintiff's defective submissions liberally.  See generally Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

No. 11 Civ. 6644 (KPF)(DF), 2015 WL 321830, *17 (S.D.N.Y. Jan. 23, 2015); <u>Giambattista v. Am. Airlines</u>, No. 13cv3608 (ADS)(AKT), 2014 WL 1116894, *8 (E.D.N.Y. Mar. 20, 2014), *aff'd* 584 F. App'x 23 (2d Cir. 2014).   Under that standard, "a hostile work environment exists where the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." <u>Moll v. Telesector Res. Grp., Inc.</u>, 760 F.3d 198, 203 (2d Cir.2014) (internal quotation marks omitted); <u>Marini</u>, 2014 WL 6772287 at *5.

Defendant argues that this claim must be dismissed because: (1) Plaintiff failed to report the alleged verbal comments by a coworker and anonymous postings in the breakroom to Defendant; (2) the anonymous postings were not disability based; and (3) the alleged remarks were neither sufficiently severe or pervasive enough to constitute a cognizable hostile work environment claim.  (Def's Mem of Law at 19-20.)  Plaintiff has failed to specifically address these arguments in his opposition, instead relying on the conclusory assertion that his "complaint and Interrogatories have put forth several specific incidents of a hostile work environment, which meet the necessary threshold to defeat Defendant's motion to dismiss the claim." (Pl's Mem in Opp'n at 26.)

Plaintiff's failure to apply the correct standard aside, Defendant has established its entitlement to summary judgment because the discriminatory conduct alleged was neither "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." <u>Leibovitz v. N.Y.C. Transit Auth.</u>, 252 F.3d 179, 188 (2d Cir. 2001). Plaintiff testified at his deposition that one coworker made discriminatory comments based on his disability six times over the course of approximately

14

three years starting in 2009 or 2010. (Pl's Dep at 17-22, 27-28, Docket No. 27-2 at 14-19, 24-25.)    Further, Defendant correctly states that there is no evidence that the two anonymous postings in a breakroom were either disability-related or aimed at Plaintiff.  The first posting, on October 3, 2011, was a newspaper article about a former facilities director with a handwritten note "Where is Benny."  (Pl's Interrogatory Responses, Docket Nos. 27-4 at 19; 35-1 at 6.) The second posting occurred almost two years later in June 2013 and depicted a cartoon of a kettle with the message "[t]hose who stir the shit pot should have to lick the spoon."  (Pl's Interrogatory Responses, Docket Nos. 27-4 at 22; 35-1 at 9.)

These eight incidents over three years – none of which occurred within the time period covered by Plaintiff's EEOC charge – are not "sufficiently continuous enough to be deemed pervasive." Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (incidents must be more than episodic); Brennan v. Metroplitan Operan Ass'n, 192 F.3d 310, 318 (2d Cir. 1999) (isolated, minor acts do no warrant relief); see Chukwueze v. NYCERS, 891 F. Supp. 2d 443, 455 (S.D.N.Y. 2012) (three incidents of being chastised or berated in a year represent no more than episodic episodes of mere offensive utterances). Nor are any of these incidents severe enough that an objective reasonable person would find them hostile or abusive. See Leibovitz, 252 F.3d at 188-89 (conduct which is "merely offensive" will not rise to the level of a hostile work environment). Plaintiff's hostile work environment claim is therefore also dismissed.

## IV. CONCLUSION

Defendant has established its entitlement to summary judgment dismissing the

Complaint, and Plaintiff has failed to raise a triable issue of material fact in response.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion for Summary Judgment (Docket

No. 27) is GRANTED and the Complaint is dismissed;

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.


Dated: February 8, 2015
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
